[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, alleging that defendant-appellant Cheik O. Coulibaly's convictions for complicity to theft and complicity to forgery were against the manifest weight of the evidence, is overruled. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot conclude that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. See State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v.Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
The second assignment of error, which alleges that the trial court erred in sentencing Coulibaly for complicity to theft and complicity to forgery because the crimes are allied offenses under R.C. 2941.25, is overruled.
The crimes are not allied offenses because each contains at least one element that the other does not and the commission of one does not necessarily result in the commission of the other. See State v. Rance,85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. The conviction for complicity to theft required proof that Coulibaly knowingly aided, abetted or solicited another to obtain or exert control over property or services without the consent of the owner or person authorized to give consent, with the purpose to deprive the owner of the property or services. The complicity to forgery conviction required proof that Coulibaly, with the purpose to defraud, knowingly aided, abetted or solicited another to utter, or possess with purpose to utter, a writing that he knew to be forged. Forgery does not involve exerting control over property without consent of the owner, and theft does not involve a forged writing.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.